**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF VERMONT**

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2022 AUG 15  PM 3: 47

CLERK

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff,* | ) | Case No. 2:22-cv-155 |
| | ) | |
| *v.* | ) | |
| | ) | |
| $33,046.75, MORE OR LESS, IN | ) | |
| UNITED STATES CURRENCY, | ) | |
| | ) | |
| *Defendant in rem.* | ) | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Plaintiff, the United States of America (the "United States"), by and through its attorney,
Nikolas P. Kerest, United States Attorney for the District of Vermont, brings this complaint and
alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or
Maritime Claims and Asset Forfeiture Actions:

### NATURE OF THE ACTION

1.      This is a civil action *in rem* to forfeit and condemn to the use and benefit of the
United States all right, title, and interest in the above-named defendant *in rem*, to wit, $33,046.75,
more or less, in United States currency (the "Defendant Currency"), which is forfeitable pursuant
to: (a) 21 U.S.C. § 881(a)(6) because it constitutes moneys furnished or intended to be furnished
by a person in exchange for a controlled substance in violation of the Controlled Substances Act,
proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate
such an exchange; and (b) 18 U.S.C. § 981(a)(1)(C) because it constitutes proceeds derived from
"specified unlawful activity" as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely,
the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise
dealing in a controlled substance.

## THE DEFENDANT IN REM

2.      The Defendant Currency consists of a sum of United States currency totaling $33,046.75, more or less, which the DEA seized from Terrence Anderson, or adopted from another seizing agency, on the following dates and in the following amounts:

- On January 9, 2022, the Burlington Police Department ("BPD") seized $17,401.00 in United States currency from Anderson in Burlington, Vermont, and the DEA later adopted such seizure;

- On January 22, 2022, the DEA seized $2,545.00 in United States currency from Anderson in Burlington, Vermont; and

- On February 14, 2022, the DEA seized $13,100.75 in United States currency from Anderson in Springfield, Vermont.

3.      Following the foregoing seizures, the Defendant Currency was deposited in a government account and transferred by wire into the possession, custody, and control of the United States Marshals Service for safekeeping pending forfeiture.

## JURISDICTION AND VENUE

4.      The Court has subject-matter jurisdiction over this civil action *in rem* pursuant to 28 U.S.C. §§ 1345 and 1355(a) because this is a civil action commenced by the United States for the enforcement of a forfeiture incurred under an Act of Congress.

5.      The Court has *in rem* jurisdiction over the Defendant Currency pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Defendant Currency was seized in this district. In accordance with Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States requests that the Clerk of Court issue a warrant to arrest the Defendant Currency upon the filing of this complaint.

6.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b) because the Defendant Currency was seized in this district.

## FACTUAL ALLEGATIONS

### *Evidence of the Defendant Currency's Unlawful Nature*

7.      On January 9, 2022, BPD officers responded to a report of domestic assault at Anderson's residence located at 144 North Champlain Street, Apartment 1, Burlington, Vermont.

8.      The report of domestic assault was made by Anderson's girlfriend, who had hidden in the bathroom of the residence to call 911, and who informed officers that Anderson had pointed a firearm at her and had threatened to shoot her.

9.      The residence is a studio-style apartment.

10.     While performing a safety sweep of the residence, an officer located a Ruger 9mm handgun, the magazine for which was loaded with ammunition.

11.     An officer spoke with Anderson, who denied any knowledge of the firearm.

12.     An officer arrested Anderson on a charge of first degree aggravated domestic assault in violation of 13 V.S.A. § 1043.

13.     A search of Anderson's person incident to Anderson's arrest yielded 57 small plastic bags containing an off-white powdery substance, $510.00 in United States currency, keys that appeared to correspond to a safe, and a cellular phone.

14.     An officer field tested one of the 57 small plastic bags, the contents of which tested presumptively positive for fentanyl.

15.     Anderson's girlfriend informed an officer that Anderson had a safe in the residence, and she suggested that additional evidence of criminal activity could be found in the safe.

16.     A BPD officer obtained a search warrant for Anderson's residence that same day.

17.     In the course of executing the warrant at Anderson's residence, officers located a safe, which they were able to open using one of the keys that was found on Anderson's person during the search of Anderson's person incident to Anderson's arrest.

3

18. Officers found the following items within the safe located in Anderson's residence:

- numerous small plastic bags of the variety commonly used to package controlled substances for illegal distribution;

- a plastic bag containing 123.5 grams of fentanyl in bulk;

- 50 small plastic bags containing fentanyl;

- a plastic bag containing two other plastic bags, one of which contained 21 grams of fentanyl in bulk, and the other of which contained numerous small empty plastic bags;

- $17,401.00 in United States currency;

- 15 round chalky pills that were off-white in color;

- an unlabeled pill bottle containing suspected OxyContin, Oxycodone, Ibuprofen, and Naproxen pills; and

- what appeared to be three diamond rings.

19. Officers located the following items elsewhere in Anderson's residence:

- a digital scale on which there was a white powdery residue;

- a currency counter;

- a loaded magazine for a Ruger 9mm handgun;

- a magazine loaded with larger caliber ammunition that is not compatible with the Ruger 9mm handgun found in the residence;

- loose ammunition;

- banking documentation; and

- a watch with Rolex markings.

20. A BPD officer seized the Ruger 9mm handgun and the $17,401.00 in United States Currency, among other property located at Anderson's residence.

21.     In addition to the first degree aggravated domestic assault charges for which Anderson was initially arrested, the State of Vermont charged Anderson with trafficking fentanyl in violation of 18 V.S.A. § 4233a(b).

22.     On January 11, 2022, Anderson was released from state custody pursuant to a state-court order that set certain conditions for such release pending state-court criminal proceedings.

23.     On January 20, 2022, the United States charged Anderson with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and with possession of a controlled substance (fentanyl) with intent to distribute in violation of 21 U.S.C. § 841(a).

24.     The DEA adopted the BPD's seizure of the $17,401.00 in United States currency.

25.     A federal arrest warrant issued for Anderson's arrest.

26.     On January 22, 2022 Anderson appeared at the BPD station, where Anderson was arrested pursuant to the federal arrest warrant.

27.     At the time of Anderson's arrest on the federal warrant, Anderson was in possession of  $2,545.00 in United States currency, which the DEA seized.

28.      On or about January 25, 2022, the United States District Court for the District of Vermont authorized Anderson's pretrial release from federal custody subject to certain conditions, including the condition that Anderson submit to location monitoring technology.

29.     On February 12, 2022, Anderson violated the conditions of such pretrial release when Anderson cut off the location-monitoring bracelet that had been attached to Anderson's person pursuant to the Court's Order Setting Conditions of Release.

30.     On February 14, 2022, Anderson was arrested for violating the conditions of Anderson's pretrial release from federal custody and, following a revocation hearing that was held that day, Anderson was remanded to the custody of the United States Marshals Service.

31.     The United States Marshals Service transported Anderson to the Southern State Correctional Facility ("SSCF") that same day.

32.     During the SSCF booking process, Anderson's person was searched.

33.     The correctional officer who searched Anderson's person located $13,100.75 in United States currency, which consisted entirely of one-hundred-dollar bills and $0.75 in coins, and which was concealed in a plastic bag that had been wrapped tightly with rubber bands and placed in the depths of the front left pocket of Anderson's shorts.

34.     The correctional officer who performed the search of Anderson's person also found that Anderson possessed two small keys that were concealed in a small envelope.

35.     Anderson informed the correctional officer that the keys were for a mailbox.

36.     The DEA seized the $13,100.75 in United States currency and the two keys.

37.     The DEA obtained evidence that Anderson had been unlawfully selling controlled substances in the District of Vermont for years, and that Anderson was known to keep the proceeds of such sales in a safe located in Anderson's residence, in a safe deposit box that Anderson rented at a local branch of a financial institution, in a storage unit that Anderson rented locally, and in Anderson's vehicle.

38.     Anderson rented a safe deposit box at a South Burlington branch of Community Bank, and Anderson rented another safe deposit box at a South Burlington branch of KeyBank.

39.     On February 18, 2022, a DEA agent obtained a search warrant for the safe deposit box that Anderson rented from Community Bank.

40.     The execution of the search warrant on the safe deposit box that Anderson rented from Community Bank yielded $20,000.00 in United States currency, which the DEA seized.

41.     On March 2, 2022, a DEA agent obtained a search warrant for the safe deposit box that Anderson rented from KeyBank.

42.     The execution of the search warrant on the safe deposit box that Anderson rented from KeyBank yielded $174,900.00 in United States currency, which the DEA seized.

43.     The safe deposit box that Anderson rented from KeyBank was opened using one of the keys that was found on Anderson's person when Anderson underwent booking at the SSCF.

44.     Anderson also rented two storage units in Burlington, Vermont.

45.     On March 11, 2022, a DEA agent obtained a search warrant for the two storage units that Anderson rented in South Burlington.

46.     The execution of the search warrant on the two storage units that Anderson rented yielded two loaded handguns, ammunition, and $16,000.00 in United States currency, all of which the DEA seized.

47.     The DEA subsequently transferred the seized firearms and ammunition to the Bureau of Alcohol Tobacco, Firearms, and Explosives.

48.     Anderson has been convicted of multiple felonies.

49.     Anderson has a criminal history that includes charges of criminal possession of a controlled substance with intent to sell, criminal sale of a controlled substance, criminal possession of a loaded firearm, and criminal use of drug paraphernalia/packaging, among other charges.

### *Administrative Forfeiture Proceedings*

50.     Based on the foregoing facts and other evidence of the unlawful nature of the Defendant Currency and of the funds that the DEA seized from the safe deposit boxes and the storage units rented by Anderson, the DEA commenced administrative proceedings to forfeit the Defendant Currency and those other funds pursuant to 21 U.S.C. § 881.

51.     The DEA published notice of such forfeiture proceedings on an official internet government forfeiture site for thirty consecutive days in accordance with 28 C.F.R. § 8.9(a).

52.     The DEA also provided personal written notice of such forfeiture proceedings to Anderson in accordance with 18 U.S.C. § 983(a) and 28 C.F.R. § 8.9(b).

53.     On or about April 18, 2022, the DEA received from Anderson an administrative claim in which Anderson asserted an interest in the Defendant Currency.

54.     To date, no other claim has been filed with respect to the Defendant Currency and, pursuant to 18 U.S.C. § 983(a)(2), the time for filing such a claim has expired.

### *Miscellaneous Proceedings in the District Court*

55.     Based on its receipt of Anderson's claim, the United States was required to file a complaint for forfeiture against the Defendant Currency, obtain an indictment alleging that the Defendant Currency is subject to forfeiture, or return the Defendant Currency by July 18, 2022, absent an order of the Court extending such deadline.  18 U.S.C. § 983(a)(3)(A).

56.     By stipulated application dated, June 23, 2022, the United States sought an order, pursuant to 18 U.S.C. § 983(a)(3)(A), extending to and through August 17, 2022, the time in which the United States may file a complaint for forfeiture against the Defendant Currency or obtain an indictment alleging that the Defendant Currency is subject to forfeiture.  Stipulated Application, *In Re: Non-Judicial Civil Forfeiture Proceedings*, No. 22-MC-00083-GWC (June 23, 2022) (ECF Doc. No.1).

57.     By Order, dated June 24, 2022, the Court granted the foregoing application and extended to and through August 17, 2022, the time in which the United States may file a complaint for forfeiture against the Defendant Currency.   Order, *In Re: Non-Judicial Civil Forfeiture Proceedings*, No. 22-MC-00083-GWC (June 24, 2022) (ECF Doc. No. 2).

## FIRST CLAIM FOR RELIEF
### (Forfeiture Pursuant to 21 U.S.C. § 881(a)(6))

58.     Plaintiff repeats and realleges the allegations that are set forth in paragraphs 1 through 57 above as if such allegations were fully set forth herein.

59.     Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, shall be subject to forfeiture to the United States and no property rights shall exist in such moneys or proceeds.

60.     Fentanyl is a Schedule II controlled substance.

61.     Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action to forfeit such identical property is commenced within one year from the date of the offense that is the basis for the forfeiture.

62.     The Defendant Currency constitutes moneys furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act, proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange.

63.     Accordingly, all right, title, and interest in the Defendant Currency is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 984(a)(2).

## SECOND CLAIM FOR RELIEF
### (Forfeiture Pursuant to 18 U.S.C. § 981(a)(1)(C))

64.     Plaintiff repeats and realleges the allegations that are set forth in paragraphs 1 through 57 above as if such allegations were fully set forth herein.

65.     Pursuant to 18 U.S.C. § 981(a)(1)(C), any personal property that constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7), is subject to forfeiture to the United States.

66.     Pursuant to 18 U.S.C. § 1956(c)(7)(A), the term "specified unlawful activity" includes any act or activity constituting an offense listed in 18 U.S.C. § 1961(1), except an act that is indictable under Subchapter II of Chapter 53 of Title 31 of the U.S. Code.  The foregoing definition of "specified unlawful activity" includes the offenses listed in 18 U.S.C. § 1961(1)(D), including the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

67.     Fentanyl is a Schedule II controlled substance.

68.     Pursuant to 18 U.S.C. § 984(a)(2), in any forfeiture action *in rem* in which the subject property is cash, any identical property found in the same place as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture, so long as the action to forfeit such identical property is commenced within one year from the date of the offense that is the basis for the forfeiture.

69.     The Defendant Currency constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity," as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), namely, the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance.

70.     Accordingly, all right, title, and interest in the Defendant Currency is subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 984(a)(2), 1956(c)(7), and 1961(1)(D).

## RELIEF REQUESTED

WHEREFORE, the United States respectfully requests that all right, title, and interest in the Defendant Currency be forfeited and condemned to the use and benefit of the United States, that the United States be awarded its costs and disbursements in this action, and that the United States be granted such other and further relief as the Court deems just and proper.

Dated at Burlington, in the District of Vermont, this 15th day of August, 2022.

Respectfully submitted,

NIKOLAS P. KEREST
United States Attorney

By: _____
BENJAMIN WEATHERS-LOWIN
Assistant United States Attorney
United States Attorney's Office
P.O. Box 570
Burlington, VT 05402-0570
(802) 951-6725
Ben.Weathers-Lowin@usdoj.gov

*Attorney for the United States*

## **VERIFICATION**

I, Philip R. Tremblay, a Task Force Officer with the Drug Enforcement Administration, hereby verify under penalty of perjury that I have read the foregoing complaint and that the contents thereof are true and correct to the best of my knowledge, information, and belief.

Dated at Burlington, in the District of Vermont, this ___15th___ day of August, 2022.

PHILIP R. TREMBLAY
Task Force Officer, DEA